IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Randall Herbst, | CIVIL ACTION – LAW |
| Plaintiff | |
| vs. | CASE NO. |
| United States of America, | |
| Defendant | JUDGE: |
| | Electronically filed |

## COMPLAINT

Randall Herbst was a prisoner at FCI Allenwood in White Deer, Pennsylvania when he was transferred to Williamsport Regional Medical Center (now UPMC Susquehanna) on January 11, 2018 for coronary artery bypass surgery. Mr. Herbst had coronary artery bypass surgery performed on January 12, 2018. While in post-op care at Muncy Valley Hospital, a CT Angio Chest X-Ray was taken on January 22, 2018 where it was discovered that he had a nodular lesion measuring 1.1 x 0.7 cm on his upper left lung. Serial PET/CT scans were ordered to evaluate for the possibility of bronchogenic carcinoma. On February 22, 2018, during a clinical encounter with Richard Andreuzzi, PA-C at FCI Allenwood, Mr. Herbst inquired into the ordered follow up of serial PET/CT exams to monitor the nodule found on January 22, 2018. The Plan as ordered by Richard Andreuzzi on February 22, 2018 was for repeat CT scans for further evaluation of the nodule, but this was never followed through. After being transferred to FCI Forrest City, in Forrest City Arkansas, a similar request was made of Dr. Nwannem Obi-Okoye for PET/CT scans to be performed. Dr. Nwannem Obi-Okoye ordered a CT scan offsite be performed but again, this never occurred. In both instances, onsite and offsite CT scans and monitoring were ordered by offsite care providers as well as Richard Andreuzzi, PA-C and Dr. Nwannem Obi-Okoye onsite, but the BOP was negligent in never following through with these orders. On October 28, 2018, Mr. Herbst was released to a halfway house. On March 19, 2019, Mr. Herbst was told the nodule on his lung was cancerous. On April 26, 2019, Mr. Herbst was released from the half-way house. On July 27, 2019 Mr. Herbst underwent a pneumonectomy of the left lung. The Bureau of Prison records as well as hospital records following release from prison reflect a major delay in care for Mr. Herbst while he was incarcerated and negligence in failing to provide follow up care.

AND NOW comes the Plaintiff and sets forth as follows:

1. Plaintiff, Randall Herbst (hereinafter referred to as "Plaintiff"), was at all times relevant to this matter an inmate at FCI Allenwood Low, 2 – U.S. 15, Allenwood, PA 17810.

2. Plaintiff was released from incarceration to a half-way house on October 28, 2018 and on April 26, 2019, was released from the half-way house. Mr. Herbst has a current mailing address of P.O. Box 722, Walcott, Iowa 52773.

## NATURE OF THE ACTION

3. This is a Federal Tort Claims action for medical negligence arising out of the injury to Randall Herbst as a result of negligent medical care and treatment provided at FCI Allenwood Low at 2 – U.S. 15, Allenwood, PA 17810, in the Middle District of Pennsylvania.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

5. This is an action against the Defendant United States of America under the Federal Tort Claims Act (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for negligence and professional malpractice in connection with the medical care provided to Mr. Herbst by FCI Allenwood Low located at 2 – U.S. 15, Allenwood, PA 17810.

6. The claims herein are brought against the Defendant United States of America pursuant to the Federal Tort Claims Act (28 U.S.C. 2671, *et seq*) and 28 U.S.C. §1346(b)(1), for money damages and compensation for personal injuries caused by the Defendant's negligence.

7. Plaintiff initiated the claim against the United States of America by filing the required Form SF 95 with the Federal Bureau of Prisons (BOP), Northeast Regional Office on January 8, 2020. Plaintiff has complied with the provisions of 28 U.S.C. § 2671 of the Federal Tort Claims Act. The filed Form S95 is attached as **Exhibit 1**.

8. Plaintiff is filing this Complaint pursuant to 28 USC § 2401(b) after receiving the U.S. Department of Veterans Affairs' January 13, 2020 notice of final denial of administrative claim. The Administrative Tort Claim Denial letter is attached as **Exhibit 2**.

9. Plaintiff is filing this Complaint pursuant to 28 U.S.C. § 2401(b), as the claim was presented to Defendants within two (2) years of said claim accruing, the Form SF 95 was served, and Defendant was provided with the required six (6) month period of time to respond.

10. Plaintiff's claim for medical malpractice arises under the Federal Tort Claims Act; therefore, the Court has federal jurisdiction. 28 U.S.C. § 1346(b)(1).

## PARTIES

11. At all times relevant to this action, Plaintiff was a resident of the Middle District of Pennsylvania by way of his incarceration at FCI Allenwood Low.

12. Defendant, United States of America, through its Agency, The Federal Bureau of Prisons, operates FCI Allenwood Low prison located at 2 – U.S. 15, Allenwood, PA 17810.

13. Defendant, United States of America, through its agents, ostensible agents, servants, employees, operators, administrators, and/or staff at FCI Allenwood

Low prison located at 2 – U.S. 15, Allenwood, PA 17810, are hereinafter collectively referred to as "Defendant."

14. Defendant, United States of America, through its agents, ostensible agents, servants, employees, operators, administrators, and/or staff at FCI Forrest City prison located at 1400 Dale Bumpers Rd., Forrest City, AR 72335, are hereinafter collectively referred to as "Defendant."

15. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

16. Venue is proper under 28 U.S.C. § 1402(b) in that all of the acts and omissions forming the basis of the claims occurred in White Deer, within the Middle District of Pennsylvania.

## FACTS

17. The preceding paragraphs are incorporated herein by reference as though fully set forth.

18. Mr. Herbst was a prisoner at FCI Allenwood Low in Allenwood, Pennsylvania when he was transferred to the former Williamsport Regional Medical Center (now UPMC Susquehanna) on January 11, 2018 for coronary artery bypass surgery.

19. On January 12, 2018, the coronary artery bypass surgery was performed on Mr. Herbst.

20. Mr. Herbst remained as an inpatient at Williamsport Regional Medical Center until January 18, 2018, when he was transferred and admitted for continued post-op care and cardiac rehab at Muncy Valley Hospital (now UPMC Muncy).

21. While in post-op care at Muncy Valley Hospital, a CT Angio Chest X-Ray was taken on January 22, 2018 where it was discovered that Mr. Herbst had a nodular lesion measuring 1.1 x .07 cm on his upper left lung.

22. When the nodule was found on January 22, 2018, it was an AJCC Stage IA2, T1B, N0, M-0, Stage IA2, with approximately a Ninety-Four percent (94%) survival rate at twenty-four (24) months and approximately Eighty-Three percent (83%) at five (5) years if addressed and properly treated upon being discovered.

23. Serial PET/CT scans were ordered to evaluate the possibility of bronchogenic carcinoma.

24. On or about February 1, 2018, Mr. Herbst was discharged back to FCI Allenwood.

25. At all times relevant to this action, Richard Andreuzzi, PA-C, was an agent, ostensible agent, servant, employee, operator, administrator, and/or staff at Defendant FCI Allenwood Low prison.

26. On February 22, 2018, during a clinical encounter with Richard Andreuzzi, PA-C at FCI Allenwood, Mr. Herbst inquired into the status of the ordered follow up of serial PET/CT exams to monitor the nodule found during the January 22, 2018 chest x-ray.

27. The Plan as ordered by Richard Andreuzzi on February 22, 2018 was to repeat CT scans for further evaluation of the nodule, but this plan was never followed through due to neglect of the Defendants herein.

28. At all times relevant to this action, Dr. Nwannem Obi-Okoye was an agent, ostensible agent, servant, employee, operator, administrator, and/or staff at Defendant FCI Forrest City prison.

29. After being transferred to FCI Forrest City, in Forrest City Arkansas on or about May to June 2018, a similar request was made of Dr. Nwannem Obi-Okoye for PET/CT scans to be had during a clinical encounter on June 18, 2018.

30. On June 18, 2018, Dr. Nwannem Obi-Okoye ordered a CT scan offsite to be performed with a target date of July 31, 2018, but again, this never was performed due to neglect of Defendants herein.

31. In both instances, onsite and offsite CT scans and monitoring were ordered by offsite care providers at Williamsport Regional Medical Center as well as Richard Andreuzzi, PA-C and Dr. Nwannem Obi-Okoye onsite, but the BOP was negligent in never following through with these orders.

32. On October 28, 2018, Mr. Herbst was released from BOP custody to a half-way house.

33. On March 19, 2019, Mr. Herbst was informed that the nodule on his lung had grown from 1.1 cm when first found in January of 2018 to 2.3 cm and was cancerous.

34. A second lesion measuring 0.8 cm was also found on Mr. Herbst's left lung during the March 19, 2019 examination.

35. By March 19, 2019, the nodule on Mr. Herbst's left lung had progressed in January of 2018 from an AJCC Stage IA2 to an AJCC stage IIIA, T4, N1, M0, with increase in size, the growth of a second ipsilateral lesion, and a lymph node which

decreased the cancer's curability, from approximately an Eighty-Three percent (83%) survival in five (5) years to approximately Thirty-Six percent (36%).

36. Between January 22, 2018 and March 19, 2019, Mr. Herbst's lung cancer progressed from an approximate Eighty-Three percent (83%) chance of survivability to terminal with a very low chance of survival.

37. On April 26, 2019, Mr. Herbst was released from the half-way house and he relocated back to the state of Iowa.

38. On July 27, 2019, Mr. Herbst underwent a pneumonectomy (removal) of the left lung.

39. The BOP records reflect a major delay in care for Mr. Herbst while he was incarcerated and negligence in failing to provide the necessary follow-up care and monitoring of the left lung nodule discovered on January 22, 2018.

40. As a result of the negligence of Defendants as set forth herein, Mr. Herbst has suffered the following damages and injuries to which Defendant's negligence is a proximate and factual cause:

> 40.1. Mr. Herbst's lung cancer went undiagnosed and untreated for approximately fifteen (15) months and as a result, he had to have a pneumectomy of the left lung and his cancer is AJCC stage IIIA and is more likely than not incurable;
>
> 40.2. Mr. Herbst, instead of being diagnosed and treated for his lung cancer, continued in a compromised state which contributed to and increased the risk that he will die from this cancer;

40.3. Inability to obtain chemotherapy, radiation, surgery or other forms of treatment for lung cancer in a timely manner which could have prevented the growth of the nodule, the increase in the stage of the cancer, and ultimately extended Mr. Herbst's life expectancy and outlook;

40.4. Medical expenses were and will continue to be incurred for the remainder of Mr. Herbst's life;

40.5. Decreased chance of survival and life expectancy; and

40.6. Mr. Herbst was the victim of pain, suffering and emotional distress.

## COUNT 1 – NEGLIGENCE

41. The preceding paragraphs are incorporated herein by reference as though fully set forth.

42. The negligence of Defendant, acting by and through its agents, ostensible agents, servants, employees, operators, administrators, and/or staff, consisted of the following:

42.1. Failure to provide ordinary care, and to exercise that standard and degree of care and skill required of health care providers, consistent with the expertise that the Defendant presented to the community;

42.2. Breaching its duty of care to Plaintiff;

42.3 Failure to hire competent agents, ostensible agents, servants, employees, operators, administrators, and/or staff in order to meet its standards of quality of care of its inmates, including, the Plaintiff;

42.4. Failure to provide and render reasonable medical care to Plaintiff under the circumstances;

42.5. Failure to properly select, train and supervise its agents, ostensible agents, servants, employees, operators, administrators, and/or staff to assure reasonable care and treatment to inmates;

42.6. Failure to return Plaintiff for required CT scans to further treat the identified nodule in his left lung in a timely manner;

42.7. Failure to provide chemotherapy, radiation or other forms of treatment for lung cancer in a timely manner;

42.8. Failure to hire and/or retain only competent and adequately trained agents, ostensible agents, servants, employees, operators, administrators, and/or staff in order to meet its standards of quality of care of its patients, including Plaintiff;

42.9. Permitted an infrastructure and communication failure that caused follow-ups not to occur thus causing the consequences set forth herein; and

42.10. Such other acts and/or omissions constituting negligence and/or malpractice as may become evident during the course of discovery and/or trial of this matter.

43.  As a direct and factual result of the actions and inactions of Defendant United States of America as set forth herein, Plaintiff sustained the injuries and damages previously noted or, alternatively, Defendant United States of America's

actions and inactions as set forth herein increased the risk that Plaintiff would sustain the damages and injuries as previously set forth.

WHEREFORE, Plaintiff, Randall Herbst, demands judgment against the Defendant, United States of America, as follows:

a. Compensatory damages for the past, present, and future pain and suffering, disfigurement and loss of life's pleasures set forth *supra*;

b. Costs of suit;

c. Post Judgment interest; and

d. Such other relief as the court may deem just and proper.

RIEDERS, TRAVIS, HUMPHREY, WATERS & DOHRMANN

_____
Clifford A. Rieders, Esquire PA ID 20962
Sean P. Gingerich, Esquire PA ID 321693
Attorneys for Plaintiff
161 W. Third St.
Williamsport, PA 17701
Telephone: (570) 323-8711
Fax: (570) 323-4192

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Randall Herbst, | CIVIL ACTION – LAW |
| Plaintiff | |
| vs. | CASE NO. |
| United States of America, | |
| Defendant | JUDGE: |
| | Electronically filed |

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

RIEDERS, TRAVIS, HUMPHREY,
WATERS & DOHRMANN

_____
Clifford A. Rieders, Esquire PA ID 20962
Sean P. Gingerich, Esquire PA ID 321693
Attorneys for Plaintiff
161 W. Third St.
Williamsport, PA 17701
Telephone: (570) 323-8711
Fax: (570) 323-4192